IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LABORERS' PENSION FUND and ) | | |
| LABORERS' WELFARE FUND OF THE ) | | |
| HEALTH AND WELFARE DEPARTMENT ) | | |
| OF THE CONSTRUCTION AND GENERAL ) | | |
| LABORERS' DISTRICT COUNCIL OF ) | | |
| CHICAGO AND VICINITY, and JAMES S. ) | | |
| JORGENSEN, Administrator of the Funds, ) | | |
| ) | | |
| Plaintiffs, ) | | |
| ) | | |
| v. ) | Case No. 06 C 3073 | |
| ) | | |
| NATURAL STONE WORKS, INC., ) | | |
| ) | Judge Lefkow | |
| Defendant. ) | | |

**PLAINTIFFS' MOTION FOR DAMAGES**

Plaintiffs, Laborers' Pension Fund and Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity (collectively the "Funds"), and James S. Jorgensen, by their attorney, state:

1. This lawsuit is filed under the Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.*, and under the Labor Management Relations Act, 29 U.S.C.§ 185, seeking unpaid contributions owed to the plaintiffs, the Laborers' Health and Welfare and Pension Funds (hereinafter the "Funds"). On October 19, 2006, this Court entered a default judgment against Natural Stone Works, Inc., for its failure to answer or otherwise plead.

2. The Funds' designated auditors from Richard J. Wolf & Company, Inc., conducted an audit for the period from February 8, 2005 through September 30, 3006. As established by the Funds' Field Representative, Rocco Marcello, the auditors reviewed the Company's records

1

reflecting contributions due the Funds and determined that the Funds are owed $46,354.20 in principal contributions to the Welfare, Pension, Training, LDCLMCC, MARBA, LECET, CISCO Funds and for Union dues. (See, Exhibit A.)

    3.    According to the collective bargaining agreement and trust agreements, liquidated damages are owed for unpaid contributions in the amount of 10% (ten percent) of the unpaid contribution, plus interest is owed at the prime rate as charged by the Chase Bank plus two percent. As established by Mr. Marcello, liquidated damages are $4,635.43 for unpaid audit deficiencies, and interest is owed in the amount of $6,092.56, through February 14, 2007. The amount of $1,050.00 is due for audit costs billed to the Funds by Richard J. Wolf & Company, Inc.

    4.    According to the collective bargaining agreement, the Company is also required to obtain and maintain a surety bond to guaranty wages and fringe benefit contributions. In addition, all contributing employers are responsible to pay contributions to the Funds by the 10th day of the month after the month in which the work was performed.

    5.    Plaintiffs are entitled to attorneys' fees and costs under ERISA, 29 U.S.C.§1132(g)(2)(B). An affidavit of Karen I. Engelhardt establishes the amount of attorneys' fees incurred in this matter are $2,455.00 and $410.00, in costs consisting of $350.00 in filing fees and the balance in service fees. (See, Exhibit B.)

**WHEREFORE,** plaintiffs request entry of judgment against Natural Stone Works, Inc., in a total amount of $ 60,997.19, and an order requiring compliance with the obligation to obtain and maintain a surety bond and a to submit reports and contributions by the tenth day of the month after the month in which the work has been performed.

                                                    Respectfully submitted,

   /S/ Karen I. Engelhardt
One of Plaintiffs' counsel

ALLISON, SLUTSKY & KENNEDY, P.C.,
230 W. Monroe Street Suite 2600
Chicago, IL 60606
(312) 364-9400
ARDC # 03128850                                      February 15, 2007